UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN BATISTA,

                         Petitioner,

-against-

SUPERINTENDENT PAUL GONYEA,

                         Respondent.

1:16-cv-09357 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Petitioner Juan Batista brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner asserts that his Sixth Amendment right to a public trial was violated when the trial court failed to notify the public of a hearing to resolve a motion to close the courtroom during the testimony of undercover agents. After careful review, the petition for a writ of habeas corpus is **DENIED**.

## BACKGROUND

### I. *Hinton* Hearing

Petitioner was arrested in the summer of 2007 during an undercover drug operation and charged with first degree sale of a controlled substance and first-degree possession of a controlled substance. Resp't Mem. Opp. Pet. Habeas 1-3, ECF No. 12. Petitioner's jury trial commenced on August 11, 2019 before Judge Robert M. Stolz of New York County. *Id.* at 3. During the pre-trial conference on August 4, 2008, parties discussed the sealing of the court during the testimony of the two undercover agents involved in the operation (UC 6118 and UC 3694). *Id.* at 4-12. Defense counsel stated that Petitioner would consent to the courtroom closure so long as Petitioner's ex-wife and then current girlfriend would be permitted to attend the testimony, but the parties could not reach an agreement. *Id.* at 4. Accordingly, prior to voir dire, the prosecutor informed the court of the need for a hearing pursuant to *People v. Hinton*,

1

286 N.E.2d 265 (N.Y. 1972) to evaluate the People's motion to close the court during the testimony of the undercover agents. *Id.* at 5.

The day of the *Hinton* hearing, defense counsel informed the court that Petitioner wanted his sisters and stepmother to be present for the undercover officers' testimony and consented to excluding his ex-wife and girlfriend. After completing the *Hinton* hearing, the court held that both officers testified credibly and that the People made a sufficient showing to justify closing the court to the general public. *Id.* at 11. The court also held that it was necessary to exclude Petitioner's family members, who lived in areas where the undercovers were carrying out their operation. *Id.* Defense counsel did not object to the court's ruling. *Id.* at 12.

## II. <u>Direct Appeal</u>

Petitioner filed an appeal to the New York Appellate Division, First Department arguing, *inter alia*, that the trial court deprived him of his right to a public trial when it had a hearing regarding the courtroom closure without giving the public notice or an opportunity to intervene. The First Department held that Petitioner failed to preserve his claim that the court was required to provide the public with notice of the hearing and that petitioner lacked the standing to assert such a claim. *People v. Batista*, 130 A.D.3d 503, 504 (1st Dep't 2015). The First Department's relied on its reasoning in *People v. Tate*, 130 A.D.3d 505 (1st Dep't 2015), which was issued the same day and analyzed the same argument raised in *Batista* and in the instant case. In *Tate*, the First Department held:

> Defendant did not preserve his claim that, before closing the courtroom during the testimony of an undercover officer in order to protect his identity, the court was required, under the First Amendment, to provide the public with notice and an opportunity to be heard on the closure. "[E]rrors of constitutional dimension— including the right to a public trial—must be preserved" (*People v Alvarez*, 20 NY3d 75, 81 [2012], *cert denied* 569 US —, 133 S Ct 2004 [2013]). Although defendant asserted his own right to a public trial, that assertion did nothing to alert the court that he wanted it to invent, or import from other jurisdictions, new

> remedies for the benefit of nonparties, including the "posting" or "docketing" of information about the impending hearing on the closure issue. Defendant's entire argument in this regard is raised for the first time on appeal, and we decline to review it in the interest of justice.

*Id.* The First Department also held that there was "no violation of defendant's right to a public trial. The court providently exercised its discretion in ruling that the relatives . . . should be excluded . . . based on their residence in or near areas in which the testifying undercover officers were conducting ongoing investigations." *Batista*, 130 A.D.3d at 504. Leave to appeal was subsequently denied. *See People v. Batista*, 26 N.Y.3d 1007 (N.Y. 2015).

### III. Habeas Petition

Petitioner renews his argument from his direct appeal in his habeas petition. The crux of Petitioner's argument is "that his Sixth Amendment right to a public trial was compromised by the closing of the courtroom pursuant to a *Hinton* hearing that was held without the People having provided notice of it to the non-present members of the public." Pet'r's Mem. Supp. Pet. Habeas 2, ECF No. 6. The state argues that federal habeas review is barred because the Appellate Division denied Petitioner's claim on an independent and adequate state procedural ground. The Court concurs.

### STANDARD OF REVIEW

"[W]hen examining the basis of a state court's adjudication of a federal claim," the habeas court "must classify the [state court's] decision as either: (1) fairly appearing to rest primarily on federal law or to be interwoven with federal law or (2) fairly appearing to rest primarily on state procedural law." *Jimenez v. Walker*, 458 F.3d 130, 145 (2d Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 739-40 (1991)). If a state court's decision appears to fairly rest primarily on a state procedural law, the "federal court will not review the merits of claims,

3

including constitutional claims" as the claims are considered procedurally defaulted. *Martinez v. Ryan*, 566 U.S. 1, 9, (2012).

To assess whether a decision appears to rest primarily on state procedural law, the habeas court must first find that "the last state court rendering a judgment in the case clearly and expressly state[d] that its judgment rest[ed] on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). Next, the habeas court must find that the state procedural law is adequate and independent, i.e., "firmly established and regularly followed in the specific circumstances presented in the case." *Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir. 2003). If the habeas court makes these two findings, a petitioner's claims will be considered procedurally defaulted. A prisoner, however, "may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez*, 566 U.S. at 10 (citing *Coleman*, 501 U.S. at 750).

## ANALYSIS

### I. <u>Procedural Default</u>

#### a. State Court Decision

The Court first holds that the state court decision rested primarily on a state procedural rule. *Jimenez*, 458 F.3d at 145. Petitioner, however, contends that the state appellate court reached the merits of the Petitioner's public trial claim, therefore the appellate court did not clearly and expressly rely on a procedural rule to reach its decision. Pet'r's Reply Supp. Pet. Habeas 4-8, ECF No. 20. As a result, Petitioner asserts that he could not have procedurally defaulted his constitutional claim.

The Second Circuit has held that where a state court's decision not only rests on federal law, but also includes "a clear statement of reliance on a state procedural bar," the habeas court

4

can still hold that "habeas relief is foreclosed provided that the independent state procedural bar is adequate to support the judgment and that neither cause and prejudice nor a fundamental miscarriage of justice is shown." *Jimenez*, 458 F.3d at 145. In reviewing the Petitioner's appeal, the state court reached three holdings: (1) that Petitioner did not preserve his constitutional claim as is required under New York's contemporaneous objection rule; (2) that Petitioner lacked standing to assert his constitutional claim; and (3) that there was no violation of Petitioner's right to public trial where the trial court excluded relatives from the "courtroom based on their residence in or near areas in which the testifying undercover officers were conducting ongoing investigations." *Batista*, 130 A.D.3d at 504.

Here, the First Department's ruling makes a clear statement of reliance on a state procedural rule—namely, New York State's contemporaneous objection rule. *See* N.Y. Crim. Pro. L. § 470.05(2) ("For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same."); *People v. Luperon*, 85 N.Y.2d 71, 77 (N.Y. 1995) ("Whether or not defendant's argument has merit, it was not raised in the trial court and therefore cannot be considered [on appeal]."). Even though the First Department's ruling analyzed the merits of one portion of Petitioner's Sixth Amendment claim, the court clearly expressed a reliance on a procedural rule. Moreover, it relied primarily on this procedural rule as evidenced by its rejection of the *same argument* Petitioner raises here in two other appeals, which were decided the same day as Petitioner's appeal, for the *same procedural defect* despite variations between the cases. *See Tate*, 130 A.D.3d at 505; *People v. Cruz*, 130

A.D.3d 504, 505 (1st Dep't 2015). Therefore, the only remaining issue is whether the state procedural bar was adequate and independent.

### b. Adequate and Independent Grounds

The Court holds that the state procedural bar at issue in this case—the contemporaneous objection rule—is an adequate and independent state law ground, therefore habeas relief is barred. The Second Circuit has consistently held that New York state court's application of the contemporaneous objection rule is an adequate and independent state ground that procedurally bars federal habeas review. *Cruz v. Hallenbeck*, No. 16-CV-9014 (JGK), 2018 WL 2290695, at *2 (S.D.N.Y. May 18, 2018), *certificate of appealability denied*, No. 18-1662, 2018 WL 6264557 (2d Cir. Oct. 17, 2018), *cert. denied*, No. 18-7198, 2019 WL 660097 (U.S. Feb. 19, 2019) (collecting cases); *see also Downs v. Lape*, 657 F.3d 97, 104 (2d Cir. 2011) ("[W]e have held repeatedly that the contemporaneous objection rule is a firmly established and regularly followed New York procedural rule."). In *Downs*, the Second Circuit specifically held that New York State's contemporaneous objection rule was an adequate and independent state law ground for barring a Sixth Amendment public trial claim. 657 F.3d at 108.

Petitioner, on the other hand, argues that (1) the appellate court's decision was interwoven with federal law, hence it was not independent; and (2) that the appellate court's decision was not adequate because (a) a right to a public trial cannot be waived; (b) if the right can be waived, it can only be waived by counsel; and (c) New York's public trial preservation requirement conflicts with its mode-of-proceedings jurisprudence; and lastly, (3) *Downs* is distinguishable and was wrongly decided. Pet'r's Reply Supp. Pet. Habeas 10-26, ECF No. 20. Petitioner's arguments are readily dismissed.

At the outset, the First Department's ruling here was not interwoven with federal law. Petitioner asserts that the First Department's procedural ruling that Petitioner did not preserve his claim that the court was required to provide the public with notice of the *Hinton* hearing was interwoven with its substantive holding that there was no violation of Petitioner's right to a public trial. This argument is inconsistent with prevailing law. In *Ake v. Oklahoma*, the Supreme Court held that "when resolution of the state procedural law question *depends on a federal constitutional ruling*, the state-law prong of the court's holding is not independent of federal law . . . ." 470 U.S. 68, 75 (1985) (emphasis added). Though the First Department reached a conclusion regarding Petitioner's Sixth Amendment rights, that conclusion was not antecedent to its holding that Petitioner failed to preserve his notice argument as required by New York State law in the first place. Put another way, the First Department did not need to conclude that there was no violation of Petitioner's right to public trial to hold that Petitioner failed to preserve his claim regarding notice to the public. Therefore, the appellate court's ruling was independent.

Petitioner's remaining arguments challenge the adequacy of the contemporaneous objection rule, but they are all foreclosed by previous rulings regarding public trial claims. As already noted, the Second Circuit in *Downs* expressly held that the failure to abide by New York State's contemporaneous objection rule procedurally bars public trial claims. 657 F.3d at 108. And as to Petitioner's argument that a public trial violation is a mode proceeding error, the New York Court of Appeals has expressly held this to not be the case and reaffirmed that "errors of constitutional dimension—including the right to a public trial—must be preserved." *Alvarez*, 20 N.Y.3d at 81. The Court sees no reason to disturb precedent and declines to do so here.

7

## II. Preservation, Cause & Prejudice

Petitioner advances two additional bases for why he did not procedurally default his claim. First, Petitioner asserts that there is no specific preservation requirement, thus his assertion that his Sixth Amendment rights were violated generally sufficed to preserve his specific claim as to notice. Pet'r's Reply Supp. Pet. Habeas 3-4, ECF No. 20. Second, Petitioner can show cause for his default—namely, Petitioner's counsel failed to contemporaneously object and thus, counsel was ineffective; and Petitioner can show prejudice because "the right to a public trial is structural and, therefore, is immune from harmless error analysis, where, as here, the closure was effected during the testimony of the government's main witnesses." *Id.* at 27-28. These arguments are unavailing.

Regarding the issue of a specific preservation requirement, the underlying impetus for New York's contemporaneous objection rule is to incentivize timely objections so that the trial court can cure reversible errors *before they occur*. *Luperon*, 85 N.Y.2d at 78 (noting that the rule "require[s], at the very least, that any matter which a party wishes the appellate court to decide have been brought to the attention of the trial court at a time and in a way that gave the latter the opportunity to remedy the problem and thereby avert reversible error."). Where a defendant raises arguments in appeal that are new and distinct from those raised in the context of a *Hinton* hearing, New York courts have found such arguments to be unpreserved. *People v. Linares*, 305 A.D.2d 259, 759 N.Y.S.2d 76 (2003) ("[D]efendant's arguments at the Hinton hearing were completely different from those he now raises on appeal, defendant's contention that the courtroom was improperly closed to the general public during the undercover officer's testimony is unpreserved."). As a result, New York courts have held that a general argument that the courtroom should not be closed does not preserve specific complaints for appeal. *See People v.*

8

*Manning*, 78 A.D.3d 585, 585–86 (1st Dep't 2010) ("Even though defendant preserved his general claim that the courtroom should not have been closed, he did not preserve his specific complaint that the court failed to set forth adequate findings of fact to justify closure. A separate contemporaneous objection was necessary because 'a timely objection . . . would have permitted the court to rectify the situation instantly by making express findings'") (quoting *People v Doster*, 13 A.D. 3d 114, 115 (1st Dep't 2004)).

In this case, Petitioner's counsel objected to the courtroom's closure and to Petitioner's family members being excluded from the court, but did not raise any argument that the public was entitled to notice of the *Hinton* hearing to effectuate Petitioner's Sixth Amendment rights. Petitioner's objection to the closure of the courtroom cannot be a basis for concluding that his specific notice claim was preserved both because of existing New York State precedent and because of the purpose of the contemporaneous objection rule. As the Second Circuit in *Downs* concluded that the contemporaneous objection rule is an adequate and independent ground, and because its requirements, as defined by New York courts, were not met here, Petitioner's argument fails.

To the extent that Petitioner sought to argue that the appellate court made an "exorbitant application of a generally sound rule" when it found that the petitioner's objection did not preserve his claim regarding lack of public notice, that argument lacks support. *Lee v. Kemna*, 534 U.S. 362, 376 (2002). Indeed, another court in this district considering the same argument that Petitioner raises here concluded that where a petitioner's objection "focused specifically on a requirement for closure and did not in any way reference or concern the issue of public notice of the closure hearing" it is not unreasonable for an appellate court to hold that the petitioner "did not preserve for appellate review a claim that the petitioner's Sixth Amendment right was

9

violated because the public was not notified of the *Hinton* hearing." *Cruz*, No. 16-CV-9014 (JGK), 2018 WL 2290695, at *3. In the instant case there were no objections raised when the trial court conducted the *Hinton* hearing without notifying the public, the time in which the trial court was in the best position to consider the Petitioner's arguments and remedy any legal errors. As this is a key purpose of the contemporaneous objection rule, there was no exorbitant application of a generally sound rule. *See Whitley v. Ercole*, 642 F.3d 278, 288 (2d Cir. 2011) (holding that the application of the contemporaneous objection rule was not exorbitant where its invocation was well within its routine parameters).

Next, as to Petitioner's claim that default should be excused because Petitioner's trial counsel was ineffective, Petitioner fails to carry his burden. The Supreme Court has held that "counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation," i.e., "the assistance must have been so ineffective as to violate the Federal Constitution" itself. *Coleman*, 501 U.S. at 755; *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). "In other words, ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim." *Edwards*, 529 U.S. at 451. Additionally, if such a claim is not raised first to the state court, it can also be procedurally defaulted unless the Petitioner can show cause. *Id.* at 453. Accordingly, Petitioner's argument for ineffective assistance excusing his default fails because (1) he did not raise any ineffective assistance claims to the state court, and provided no reasons for failing to do so; and (2) the ineffective assistance claim at issue here, even if preserved, does not rise to a constitutional violation that would provide cause to excuse default. *Accord Cruz*, No. 16-CV-9014 (JGK), 2018 WL 2290695, at *4.

Moreover, Petitioner has not carried his burden to show prejudice. "[W]hen a defendant raises a public-trial violation via an ineffective-assistance-of-counsel claim . . . [the defendant must] show either a reasonable probability of a different outcome in his or her case or . . . . show that the particular public-trial violation was so serious as to render his or her trial fundamentally unfair." *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1911 (2017). That the public trial right is structural and not subject to harmless error analysis has no bearing on whether Petitioner was prejudiced by the closure in this case. *Accord Cruz*, No. 16-CV-9014 (JGK), 2018 WL 2290695, at *4. As such, there is no basis for excusing Petitioner's default.

## CONCLUSION

For the foregoing reasons, Petitioner's habeas corpus petition is **DENIED**. Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). The Clerk is directed to enter judgment dismissing the petition and **closing this case.**

**SO ORDERED.**

Dated: April 12, 2019
New York, New York

ANDREW L. CARTER, JR.
**United States District Judge**